UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA JONES,<br><br>　　　　　　　　*Plaintiff,*<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AND U.S. BANK, N.A.<br><br>　　　　　　　　*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Jessica Jones ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant U.S. Bank, N.A. ("US Bank" or the "Furnisher Defendant"), and against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (Equifax, Experian, and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Suffern, New York.

6. Defendant US Bank is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

9. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

10. Plaintiff holds a credit account with US Bank which was opened on September 22, 2022 ("US Bank Account").

11. US Bank sent Plaintiff a statement for the US Bank Account informing her that a minimum payment of $257 was due by December 15, 2023.

12. Plaintiff paid the minimum payment to US Bank before December 15, 2023.

13. Even though Plaintiff had made her minimum payment in a timely fashion, US Bank reported that Plaintiff was 30 days late on her November payment ("Late Payment Notation").

14. US Bank reported the Late Payment Notation to Defendants Equifax, Experian, and Trans Union, who included the Late Payment Notation notations on consumer reports about Plaintiff.

15. Equifax published the Late Payment Notation to Citibank on January 18, 2024, after Plaintiff disputed the Late Payment Notation. This publication defamed Plaintiff, thereby:

    a. Giving Citibank the false impression that Plaintiff was a poor credit risk,

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

16. Among other examples of defamatory publications, Experian published the Late Payment Notation to Best Egg on January 21, 2024, after Plaintiff disputed the Late Payment Notation. This publication defamed Plaintiff, thereby:

    a. Giving Best Egg the false impression that Plaintiff was a poor credit risk,

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

17. Trans Union published the Late Payment Notation to GM Financial on December 28, 2023, after Plaintiff disputed the Late Payment Notation. This publication defamed Plaintiff, thereby:

    a. Giving GM Financial the false impression that Plaintiff was a poor credit risk,

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Equifax Dispute(s)*

18. In or around November 2023, Plaintiff disputed the Late Payment Notation to Equifax ("Equifax Dispute").

19. Upon information and belief, Equifax notified US Bank about the Equifax Dispute.

20. Upon information and belief, US Bank verified to Equifax that the Late Payment Notation was reporting accurately even though US Bank, had it performed a reasonable investigation, could not have verified that the disputed information was accurately attributable to Plaintiff.

21. Equifax continued to report the disputed Late Payment Notation even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated December 20, 2023.

*Experian Dispute(s)*

22. On December 14, 2023 and December 21, 2023, Plaintiff disputed the Late Payment Notation to Experian ("Experian Disputes").

23. Upon information and belief, Experian notified US Bank about both of the Experian Disputes.

24. Upon information and belief, US Bank verified to Experian that the Late Payment Notation was reporting accurately even though US Bank, had it performed reasonable investigations, could not have verified that the disputed information was accurately attributable to Plaintiff.

25. Experian continued to report the disputed Late Payment Notation even though, had Experian performed reasonable reinvestigations, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated December 14, 2023 and December 21, 2023.

*Trans Union Dispute(s)*

26. On December 18, 2023 and January 6, 2024, Plaintiff disputed the Late Payment Notation to Trans Union ("Trans Union Disputes").

27. Upon information and belief, Trans Union notified US Bank about both of the Trans Union Disputes.

28. Upon information and belief, US Bank twice verified to Trans Union that the Late Payment Notation was reporting accurately even though US Bank, had it performed reasonable investigations, could not have verified that the disputed information was accurately attributable to Plaintiff.

29. Trans Union continued to report the disputed Late Payment Notation even though, had Trans Union performed reasonable reinvestigations, it could not have verified the accuracy of the disputed information. Trans Union informed Plaintiff of its conclusion in dispute results dated January 6, 2024.

*Damages*

30. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

31. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

32. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

33. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself

through a variety of symptoms, including headaches, difficulty sleeping, and frustration.

b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

34. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

35. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY U.S. BANK, N.A.**
**(FURNISHER DEFENDANT)**

36. Because of its unlawful reporting and verifications of the Late Payment Notation, Furnisher Defendant US Bank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

a. failing to conduct reasonable investigations of Plaintiff's disputes of the Late Payment Notation reporting on Plaintiff's Equifax, Experian, and Trans Union credit reports after, upon information and belief, US Bank received notice of Plaintiff's disputes from Equifax, Experian, and Trans Union;

---

[1] Even if a jury finds that Defendants' unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

b. failing to review all relevant information provided to US Bank by Equifax, Experian, and Trans Union concerning Plaintiff's disputes of the Late Payment Notation;

c. failing to promptly modify, delete, or permanently block any and all information about the disputed Late Payment Notation that US Bank, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

d. falsely representing to Equifax, Experian, and Trans Union that Plaintiff was responsible for the Late Payment Notation.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC
## (CONSUMER REPORTING AGENCIES)

*Violations of FCRA § 1681e(b)*

37. Equifax, Experian, and Trans Union each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax, Experian, and Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Late Payment Notation.

*Violations of FCRA § 1681i*

38. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Late Payment Notation after Plaintiff disputed its accuracy to determine whether the Late Payment Notation was accurately reporting.

39. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Late Payment Notation.

40. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(5) by failing to promptly delete the Late Payment Notation from their respective consumer files for Plaintiff despite the fact that Equifax, Experian, and Trans Union, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett D. Sherman*
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874